

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable T. M. Trimble, First Assistant
State Superintendent of Public Instruction
Austin, Texas

Dear Sir:                    Opinion No. O-3745

                             Re:  Construction of Senate Bill
                                  163 - an Act appropriating
                                  public monies to supplement
                                  local funds for the support
                                  of certain Junior Colleges.

        We are in receipt of your letter of June 21, 1941,
in which you request the opinion of this department upon two
questions set out therein as follows:

        "At the request of Mr. E. W. Stilwell,
Superintendent of the Texarkana Public Schools
and President of the Texarkana Junior College,
I am submitting the following questions:

        "'Will the $50 per capita provided for
in S. B. No. 163 of the Forty-seventh Legis-
lature, be paid to junior college districts
for teaching out-of-State students?'

        "The Texarkana Junior College has a great
many students who live in Arkansas, and for
this reason Mr. Stilwell is anxious to know
the answer to the above question.

        "'As the Texarkana Junior College is speci-
fically named in S. B. No. 163, will it be nec-
essary for this college and other junior colleges
named in this bill to establish a junior college
district and levy a special tax to support the
college before they will be entitled to the benefits
provided in this law?'"

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable T. M. Trimble, First Assistant, Page 2

The basis for distribution of the money appropriated under Senate Bill No. 163 is provided in Section 3 which reads in part as follows:

"Provided that each of the above Public Junior Colleges shall qualify within the requirements of this Act; and provided further that the funds here appropriated shall be disbursed to and distributed among the Public Junior Colleges which qualify to receive it on the basis of Fifty ($50.00) Dollars per capita for each full time student per scholastic year, and providing that 'full time student' as herein used is defined as a student doing fifteen (15) semester hours of work, and that the number of full time students enrolled in any school to be benefited by this Act shall be determined by dividing the total number of semester hours of work carried by all students of the school, as of November 1st in any fiscal year, by fifteen (15)." (Underscoring ours)

The Legislature has adopted the above quoted method of allocation or distribution of the funds appropriated. It has based the allegation of $50.00 per capita for each full time student for each scholastic year and has determined the number of full time students enrolled by dividing the total number of semester hours that were carried by all students of the school by fifteen. It is apparent that the Legislature has made no distinction between the regularly enrolled students which are non-residents of this State as well as the students which are residents of Texas. We believe it to be plain that the $50.00 per capita basis should be based on all students of the school regularly enrolled which would include out of State students.

In your second question you inquire whether or not it will be necessary for Texarkana Junior College to establish a Junior College District and levy a special tax to support the college before it will be entitled to the benefits provided in said Senate Bill No. 163.

In Section 3 of said Senate Bill No. 163 the Legislature provided that the appropriations made shall be apportioned among certain Junior Colleges. One of the colleges so named is Texarkana Junior College at Texarkana. The Legislature also provided immediately below the listing of the Junior colleges eligible to receive the appropriation made in said Act that each of the Public Junior Colleges named must qualify within the requirements of the Act.

The requirements for participation in the appropriations made in said Senate Bill are set out in Section 2 of said Act which reads as follows:

"To be eligible for and to receive a proportionate share of this appropriation, a Public Junior College must be accredited as a first Class Junior College by the State Department of Education, and the State Department of Education is hereby authorized to set up rules and provisions by which Public Junior Colleges may be inspected and accredited. And provided further that to be eligible to participate in any biennial appropriation, each Public Junior College shall offer a minimum of twenty-four (24) semester hours of vocational and/or terminal courses. And provided further that in order to be eligible to participate in any biennial appropriation each Public Junior College shall have complied with all existing laws, rules and regulations governing the establishment and maintenance of Public Junior Colleges. It shall be mandatory that each institution participating in the funds herein provided shall collect from each pupil enrolled, matriculation and other session fees not less than the amounts provided for by law and by other state supported institutions of higher learning; as provided in Articles 2654A, 2654B, and 2654C Revised Civil Statutes of Texas."

Nowhere in Section 2 is it provided that the Junior Colleges named must form Junior College Districts and levy maintenance taxes to support same before they will be entitled

Honorable T. M. Trimble, First Assistant, Page 4

to the benefits provided by said Act. It is made mandatory that each institution in order to be eligible must charge the enrollment, matriculation and other session fees required by Articles 2654A, 2654B and 2654C of the Revised Civil Statutes of Texas. It is pointed out in this connection that Article 2654C above mentioned sets out not only the fee for resident students but also the fees for non-resident students.

It is our opinion that it is not necessary for Texarkana Junior College to establish a Junior College District and levy a special tax to support the college before it will be eligible to the benefits provided in Senate Bill 163. All that is necessary for Texarkana Junior College to be eligible to receive its share of the above appropriation is for it to comply with the provisions of Section 2, supra.

APPROVED JUL 16, 1941

FIRST ASSISTANT
ATTORNEY GENERAL

BC:lh

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Billy Goldberg
Billy Goldberg
Assistant



APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN